Pearson, J.
 

 By this purchase, at sheriff’s sale, Mebane acquired the legal estate which was in Sutton, but he purchased with notice: indeed, notice was not material, for a purchaser at sheriff’s sale, with or without notice, only acquires the estate which the debtor could rightfully pass: so he put himself “in the shoes” of Sutton, and took the legal estate subject to all the equities to which it was liable, in his hands.
 

 In
 
 Nichols
 
 v.
 
 Freeman,
 
 11 Ire. Rep. 99, it is said “Nichols had the right to file a bill in Equity for a specific performance, and the decree would have been for the conveyance of the property upon his paying the balance of the purchase money with interest.” He did not choose to resort to Equity, and brought an action at law against Freeman, who was the surety of Sutton, with the expectation, no doubt, < »f being able to recover from him all that he had paid Sutton towards the price of the land. In that case, it was decided that he had a right to recover the difference between the value of the property at the
 
 *47
 
 date of the sheriff’s sale, and the balance of the purchase money which then remained unpaid. Ereeman has paid the amount recovered, and the question is, has he an equity to call upon the defendants, who are the representatives of Mebane, and are in the enjoyment of the property, for exoneration?
 

 There is no question of the equity as against Sutton, but he is dead and insolvent, and the object of the bill is to follow the property in the hands of the representatives of Mebane. Of this equity, we think there can be as little doubt.
 

 Sutton held the legal estate in trust for himself, to secure the balance of the purchase money, and then in trust for Nichols. After the purchase by Mebane, Nichols had two remedies : — to pay the balance of the purchase money to Sutton, and call upon Mebane for the legal title,
 
 Ratledge
 
 v. Smith, Bus. Eq. 283, or to sue at law on the bond: He elected to sue Ereeman, who was the surety, and upon the payment of the amount recovered, Ereeman had a clear equity, as- surety, to be substituted to the rights of the creditor, and to have the benefit of all the securities to which the creditor might have resorted. This is a well settled principle in Equity, and is applicable to our case, and gives Freeman a right to hold the property in the hands of the representatives of Mebane, bound for his exoneration.
 

 If, as is contended for by the defendants, Mebane, by his purchase at sheriff’s sale, acquired not only the legal title, but also the equitable interest of Sutton, that is, his lien for the balance of the purchase money, Freeman’s equity is manifest on two grounds: If a surety pays for the property he has a .right to hold it bound for his exoneration.
 
 Green v. Crockett,
 
 2 Dev. and Bat. 390;
 
 Polk
 
 v. Gallant, ibid 395;
 
 Smith
 
 v. Smith, 5 Ire. Eq. 34;
 
 Egerton
 
 v. Ally, 6 Ire. Eq. 188. Freeman as the surety of Sutton, under whom Mebane claimed,, has been forced to pay, in part, for the property which the representatives of Mebane now enjoy.
 

 Secondly.
 
 If Nichols had filed a bill-for a specific performance, Mebane would have been forced to convey the property to him, upon his paying to Sutton, the balance of the purchase money: and Mebane could have set up no greater equity than
 
 *48
 
 to be repaid, out of the fund, the amount which he had paid to the sheriff: whether he would have had this equity, need not now be enquired of: it is certain his equity would have extended no further: ITe, therefore, by taking the pla.ce of Sutton, was obliged to rely on Freeman for protection against the loss of the property, and substituted himself
 
 asjprincipal
 
 in regai d to it: Freeman was not be benefited: the gain, if any, was to be Mebane’s, and by thus having an innocent man between him and danger, he, in Equity, adopted'him as his surety, and can not, with a good conscience, take advantage of the accident, that .Nichols elected to proceed at law, and throw the loss upon his protector. Freeman’s equity cannot be made clearer than by a mere statement of the facts.
 

 The demurrer is to the whole bill, and being bad as to part, must of course be overruled as to all.
 

 It is unnecessary now to decide whether the representatives •of Sutton have an equity to call for a conveyance of the property either absolutely, or subject to Mebane’s right to hold it as a security for the repayment of the amount paid by him to the sheriff.
 

 The alleged equity is based on the ground that at the time of the sheriff’s sale, Sutton held the legal title in trust to secure the payment of the balance of the jmrehase money, and then intrust for Nichols; that although the naked legal title was subject to execirtion sale, yet the equitable interest of Sutton was not: so the purchaser acquired only the legal, and did not acquire the right to recover from Nichols the balance of the purchase money: that right,'as is contended, still remained in Sutton, and as the equity of Nichols has been extinguished by his election to proceed at law, the representatives of Mebane hold the legal title in trust to exonerate Freeman as surety for what he has paid in order to extinguish the equity of Nichols, and' then in trust for the representatives of Sutton, whose equitable interest never passed to Mebane.
 

 This is an interesting question, and we prefer to leave it cp.-"'» for future investigation. We call attention to it now on
 
 *49
 
 ly with the view that it may be fully discussed if it should be again presented to us.
 

 Piss Oueiam. Demurrer overruled